Our File No. WH-84-CM
**ATTORNEY ID: 050371991**
FISHMAN MCINTYRE LEVINE SAMANSKY, P.C.
120 Eagle Rock Avenue
East Hanover, New Jersey 07936
Tel: (973) 560-9000
Attorneys for Defendant, Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ANDERSON | : |
| Plaintiff, | : |
| -vs- | : CIVIL ACTION NO. |
| WHOLE FOODS MARKET, INC., ELITE INVESTIGATIONS, LTD, JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATION 1-10, ABC, LLC 1-10, ABC LLP 1-10, jointly, severally, individually | : |
| Defendants. | : |

PETITION FOR REMOVAL

Petitioner, Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., by its attorneys, Fishman McIntyre Levine Samansky, P.C., respectfully petitions the United States District Court for the District of New Jersey as follows:

1. Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., first received a copy of the Complaint on or about June 24, 2021 through their registered agent.

2. This case was commenced on June 21, 2021 in the Superior Court of New Jersey, Law Division, Essex County Suit is identified in the Superior Court as Anderson, Michael v. Whole Foods Market, Inc., Docket No. L-4846-21. (See Exhibit A)

3. The filing of this Petition for Removal is timely because it is filed within thirty days of the date Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., first received notice of the lawsuit.

4. The plaintiff's Complaint in the Superior Court of New Jersey, Law Division, Essex

County, asserts damages of a non-specified amount. Plaintiff, Michael Anderson, alleges discrimination, false arrest, assault and battery and suffered humiliation, embarrassment, mental and emotional distress, discomfort and economic damages. As such, Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., believes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., is informed and believes that Plaintiff, Michael Anderson, is an individual citizen of the State of New Jersey. Defendant/petitioner, Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., is incorporated in the State of Delaware and its principal place of business is in the State of Texas. The action is therefore between citizens and a corporation of other states.

6. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Petitioner, Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc., defendant in the action described herein, which is currently pending in the Superior Court of the State of New Jersey, Law Division, Essex County, Docket No. L-4846-21, prays that this action be removed therefrom to this Court.

DATED: June 25, 2021

Whole Food Market Group, Inc. i/p/a Whole Foods Market, Inc.

BY: _____
Christopher E. McIntyre, Esq.

I certify that a true copy of the Complaint filed in the Superior Court of the State of New Jersey, County of Essex, along with a copy of the Summons issued to this defendant, is annexed hereto as Exhibit A.

BY: _____
Christopher E. McIntyre, Esq.

# EXHIBIT A

Christopher Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600
Attorneys for Plaintiff

---

Michael Anderson,

        Plaintiff,

v.

Whole Foods Market, Inc., Elite Investigations, Ltd,
JOHN DOES (1-10), JANE DOES (1-10),
ABC CORPORATION (1-10), ABC, LLC
(1-10), ABC LLP (1-10), JOINTLY,
SEVERALLY, INDIVIDUALLY

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY
DOCKET NO: ESX-L-004846-21

Civil Action

COMPLAINT AND JURY DEMAND

---

Plaintiff Michael Anderson residing in the City of Newark, County of Essex, State of New Jersey, complaining of defendant(s), alleges as follows:

## PARTIES

1. Plaintiff is a black man and resides in Newark, New Jersey, in the County of Essex, State of New Jersey, and complaining of Defendants Whole Foods Market, Inc, Elite Investigations, Ltd., John Does (1-10), Jane Does (1-10) and ABC Corp (1-10) as follows:

2. Defendant Whole Foods Market, Inc. (hereinafter "WF") is an entity duly organized and existing under the laws of this State of New Jersey, having their principal places of business at 633 Broad Street, Newark, New Jersey 07088, State of New Jersey and is engaged in the business of selling foods, food products, merchandise to public.

3. Defendant Elite Investigations, Ltd is an entity duly organized and existing under the laws of this State of New Jersey, having their principal places of business at 2001 Central Park, Yonkers, NY 10710, State of New York and is engaged in the business of providing security services to private companies.

4. At all relevant times, defendants Whole Foods Market, Inc., Elite Investigations, Ltd., John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were in the employ of Defendant WF whose location is at the Newark store located at 633 Broad Street, Newark, New Jersey 0708. .At all relevant times, defendants John Does(1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were the agents, employees, representatives, servants of Defendants WF and Elite Investigations, Ltd.

5. This action is brought pursuant to the New Jersey Law Against Discrimination 10:5-4 et seq. which prohibits discrimination against a person in the terms, conditions, or privileges of public accommodation on the basis of a person's race.

6. Upon information and belief, at all relevant times Defendant WF employed more than five (5) persons, bringing defendant within the parameters of the New Jersey Law Against Discrimination. prohibiting their respective agents from discriminating against patrons on the basis of race and exercising a protected right.

7. Defendants conduct as alleged in this complaint constitutes an unlawful public accommodation practice in violation of N.J.S.A. 10:5-4 et seq.

8. This action is also an action under the laws of the State of New Jersey for false arrest, assault and battery.

9. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort and economic damages.

## FACTS IN COMMON TO ALL CLAIMS

1. On or about October 3, 2020, Plaintiff Michael Anderson walked into the Whole Foods Market store located at 633 Borad Street, Newark, NJ wearing sweatpants, a hoodie and possessed an item that he had purchased at another store.

2. As Plaintiff Michael Anderson was leaving the store after paying for his purchase, an armed security office collided into Plaintiff and pushed Plaintiff backwards. Two other WF employees approached Plaintiff including a manager. Several minutes passed before Plaintiff was finally told why he was being detained and he was told by Defendant WF and Elite Investigations, Ltd.'s employees and/or agents that he was in possession of a stolen item. The employees of Defendant WF and Elite Investigations, Ltd. had falsely accused Plaintiff of shoplifting the item.

3. Plaintiff, a Harvard University graduate, produced his receipt and handed it to the WF employees. Throughout the interaction, the security guard kept his hand on near his gun.

4. The General Manager of Defendant WF at the 633 Broad Street location was verbally abusive to Plaintiff and berated while he was being detained by the security guards.

3

Eventually, Plaintiff was allowed to leave after producing his receipt for the alleged stolen item.

5. Upon information and belief, Plaintiff contends that if it is the protocol of Defendant WF to racially profile and then blamed the outsourced staff for false arrests, then Defendant WF should be liable for the false arrest.

6. Upon information and belief, Plaintiff contends that Defendants WF and Elite Investigations, Ltd. racially profiled him when they assaulted, detained him and falsely accused him of shoplifting.

7. Upon information and belief, Defendant Elite Investigations, Ltd. and its employees and/or agents were acting on behalf of Defendant WF and were located on the premises of Defendant WF.

8. Upon information and belief, a spokesperson for Defendant WF acknowledge that Plaintiff's experience was unacceptable and that the actions of the Defendant Elite Investigations, Ltd.'s security guards and/or employees were in violation of WF's protocol.

9. Upon information and belief, Plaintiff has suffered damages resulting in the loss of compensation and benefits, physical injury and mental injury.

10. Defendants have committed the aforementioned acts oppressively, willfully and maliciously, entitling plaintiff to an award of punitive damages.

## COUNT ONE

(NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-4 et seq.)

1. Plaintiff refers to the allegations set forth in the fact statement of the complaint and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants WF and Elite Investigations, Ltd's conduct as alleged in this complaint which aided and abetted the unlawful public accommodation discrimination, discriminatory practice, disparate treatment, hostile public accommodation environment, race discrimination, retaliation, in violation of the New Jersey Law Against Discrimination 10:5-1 et seq.

## COUNT TWO
## (FALSE ARREST)

1. Plaintiff refers to the allegations set forth in the fact statement of the complaint and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. On or about October 3, Defendants WF, Elite Investigations, Ltd, John Does(1-10), Jane Does (1-10) who were acting within the scope of their employment and as agents, servants and/or servants of Defendant WF and Elite Investigations, Ltd. falsely, wrongfully, and maliciously and without warrant, authority law or probable cause, against Plaintiff's wishes and without probable cause caused Plaintiff to be detained and thereafter caused Plaintiff to be deprived of his liberty.

3. By reason of the foregoing arrest, false imprisonment and unlawful detention, Plaintiff was deprived of his liberty, suffer mental anguish and was exposed to public embarrassment and greatly injured in his reputation, caused him to suffer mental anguish and physical pain,

5

## COUNT THREE

### (ASSAULT & BATTERY)

1. Plaintiff refers to the allegations set forth in the fact statement of the complaint and Counts One and Two by such reference repleads and incorporates them as though fully set forth herein.
2. Defendant WF and Elite Investigations Ltd.'s act of forcibly detaining Plaintiff by colliding into him was a harmful and offensive contact to Plaintiff's person and created a reasonable apprehension in Plaintiff of further harm to his person.
3. Defendants WF and Elite Investigations Ltd. allow their employees to physically detain consumers knowing that such contact would be harmful or offensive.
4. As a result, Plaintiff suffered mental anguish and was exposed to public embarrassment and greatly injured in his reputation, caused him to suffer mental anguish and physical pain.

## COUNT FOUR

### (NEGLIGENCE)

1. Plaintiff refers to the allegations set forth in the fact statement of the complaint and Counts One, Two and Three by such reference repleads and incorporates them as though fully set forth herein.
2. The security guards' actions were performed within the scope of employment and in the interest of Defendants WF and Elite Investigations, Ltd.

6

3. The security guards were acting under the supervision and control of Defendant WF and Elite Investigations, Ltd. through its managers and store supervisors.

4. Defendants WF and Elite Investigations, Ltd. have a duty to its consumers, including Plaintiff, to properly supervise, direct and control its employees so that their actions would not present a risk of harm or danger to its consumers.

5. Defendants WF and Elite Investigations, Ltd., had a duty to provide aid and assistance to Plaintiff but Defendants WF and Elite Investigations, Ltd., had failed to adequately train its employees and/or security guards who perform loss prevention-related acts, failed to ensure their employees and/or security guards apply objective standards before performing loss prevention-related acts and failed to properly supervise employees or adequately monitor their interaction with customers, particularly employees and/or security guards who perform loss prevention-related acts, failed to establish and implement adequate standard operating procedures and regulations designated to eliminate the risk of innocent customers being physically assaulted by WF and Elite Investigations, Ltd., Inc employees and/or security guards performing loss prevention-related acts.

## COUNT FIVE

### (VICARIOUS LIABILITY)

1. Plaintiff refers to the allegations set forth in the fact statement of the complaint and Counts One, Two, Three and Four by such reference repleads and incorporates them as though fully set forth herein.

2. At all relevant times Defendants WF and Elite Investigations, Ltd. are vicariously responsible for the actions or omissions of its employees and/or security guards and probable consequences of their actions or omissions.

7

3. As a direct and proximate result of the actions and/or omissions of Defendant Elite Investigations, Ltd.'s employees and/or security guards, Plaintiff has suffered damages.

## COUNT SIX

### (NEGLIGENT HIRING/RETENTION)

1. Plaintiff refers to the allegations set forth Counts One, Two, Three, Four, and Five, by such reference repleads and incorporates them as though fully set forth herein.

2. Defendant WF and Elite Investigations, Ltd., Inc.'s, in committing the above-described acts, hired and retained employees who either harassed and/or assaulted previous customers and continued to remain employed with Defendant WF and Elite Investigations, Ltd..

3. As a direct result of the outrageous acts and omissions, conduct, harassment and discrimination, plaintiff became distraught and suffered damages.

## COUNT SEVEN

### (INVASION OF PRIVACY, DEFAMATION SLANDER PER SE)

1. Plaintiff refers to the allegations set forth Counts One, Two, Three, Four, Five and Six above and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants WF and Elite Investigations, Ltd., in committing the above-described acts, intended to and did defame the character of the plaintiff and place him in a false light per se. Defendants acted with reckless disregard in defaming plaintiff's character and placing him in a false light.

3. As a direct result of the outrageous acts and omissions, conduct, harassment and discrimination, plaintiff became distraught and he suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants w\_\_ and Dute Investigations, Ltd., individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling D\_\_ f\_\_ _____ measures, including those that affect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, _____ of the community.

2. Any other prospective injunctive relief that the Court deems just and appropriate

3. For compensatory damages including lost wages and benefits, and emotional distress damages

4. Punitive damages

5. Pain and suffering

6. Attorney fees and costs, plus interest

7. For such other and further relief as the Court deems proper.

By: _____
Christopher C. Roberts, Esq.

Dated: June 21, 2021

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher Roberts, Esq., is hereby designated as trial counsel for the Plaintiff in this matter.

By: _____
Christopher C. Roberts, Esq.

Dated: June 21, 2021

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration pending arbitration proceeding is contemplated. Further, to the best of our belief, no other action or arbitration proceeding is known or no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

By: _____
Christopher C. Roberts, Esq.

Dated: June 21, 2021

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all triable issues raised in this complaint, pursuant to R. 1:8-2 and R. 4:35-1(a)

By: _____
Christopher C. Roberts, Esq.

Dated: June 21, 2021

10

Referral Service, and if you can not afford an attorney, you may communicate with the Legal Services of Essex County. The following are the telephone numbers of same:

Newark Legal Services: (973) 624-4500
Essex County Legal Aid: (973) 622-1513
Essex-Newark Legal Services (Senior Citizens) (973) 672-3838
Essex-Newark Legal Services (Hispanic) (973) 642-8707
New Jersey State Bar Association (609) 304-1101

Christopher C. Roberts, Esq. (#001351995)
7 Glenwood Avenue
Suite 401
East Orange, New Jersey 07017
(973)-673-0600

|  |  |
|---|---|
| Michael Anderson,<br><br>Plaintiff,<br><br>vs.<br><br>Whole Foods Market, Inc., Elite Investigations, Ltd;<br>JOHN DOES (1-10), JANE DOES (1-10),<br>ABC CORPORATION (1-10), ABC, LLC<br>(1-10), ABC LLP (1-10), JOINTLY,<br>SEVERALLY, INDIVIDUALLY<br>John Does (1-10),<br>Jane Does (1-10), ABC Corp. (1-10)<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY; LAW DIVISION<br>Docket No: ESX-L- 004846-21<br><br>CIVIL ACTION<br><br>SUMMONS |

### THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S)
### WHOLE FOODS MARKET, INC

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney you may call the Legal Services office in the county where you live. A list of these offices if provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: 6/24/21                    Michelle Smith, Clerk of Superior Court

Name of Defendant to be serve: WHOLE FOODS MARKET, INC

Address for service: 633 Broad Street, Newark, NJ 07088