**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------------x

MICHAEL ANDERSON,       :

      :    CIVIL ACTION NO. 2:21-cv-12990

*Plaintiff,*       :

      :

vs.       :

      :

WHOLE FOODS MARKET, INC., ELITE       :
INVESTIGATIONS, LTD., JOHN DOES 1-10,       :
JANE DOES 1-10, ABC CORPORATION 1-10       :
ABC, LLC 1-10, ABC LLP 1-10, jointly, severally,       :
individually,       :

      :

*Defendants.*       :

-------------------------------------------------------------------------x

## LEGAL MEMORANDUM IN SUPPORT OF DEFENDANTS WHOLE FOODS MARKET, INC. AND ELITE INVESTIGATIONS, LTD'S MOTION FOR SUMMARY JUDGMENT

*Of Counsel and On the Brief*
Joseph A. Gallo, Esq.
Brian W. Brown Esq.

By: */s/ Joseph A. Gallo, Esq.*
      Joseph A. Gallo, Esq.

By: */s/ Brian W. Brown, Esq.*
      Brian W. Brown, Esq.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
One Riverfront Plaza, Suite 800
Newark, NJ 07102
(973) 792-8723
*Counsel for Defendants, Whole Foods Market, Inc. and Elite Investigations, Ltd.*

Dated: March 8, 2024

*TABLE OF CONTENTS*

PRELIMINARY STATEMENT ...........................................................................................1

LEGAL ARGUMENT.......................................................................................................2

    I.     PLAINTIFF CANNOT PROVE THAT DEFENDANTS VIOLATED THE "NJLAD" THEREFORE THIS COUNT MUST BE DISMISSED .......................2

    II.    PLAINTIFF CANNOT PROVE THAT DEFENDANTS COMMITTED FALSE ARREST THEREFORE THIS COUNT MUST BE DISMISSED..…………...5

    III.   PLAINTIFF CANNOT PROVE THAT DEFENDANTS COMMITTED ASSAULT AND BATTERY THEREFORE THIS COUNT MUST BE DISMISSED ..........................................................................................7

    IV.   PLAINTIFF CANNOT PROVE NEGLIGENCE AS TO DEFENDANTS THEREFORE THIS COUNT MUST BE DISMISSED………………………….8

    V.    PLAINTIFF CANNOT PROVE VICARIOUS LIABILITY AS TO DEFENDANTS THEREFORE THIS COUNT MUST BE DISMISSED………. 9

    VI.   PLAINTIFF CANNOT PROVE THAT DEFENDANTS ENGAGED IN NEGLIGENT HIRING THEREFORE THIS COUNT MUST BE DISMISSED..10

    VII.   PLAINTIFF CANNOT PROVE THAT DEFENDANTS COMMITTED DEFAMATION THEREFORE THIS COUNT MUST BE DISMISSED……….11

    VII.   SUMMARY JUDGMENT SHOULD BE GRANTED AS NO GENUINE ISSUE OF MATERIAL FACT EXISTS……………………………………………14

CONCLUSION.................................................................................................................16

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ali v. Hillstone Rest. Grp.,
2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022). ..........................................................................2

Bahrle v. Exxon Corp.,
145 N.J. 144 (1996) ....................................................................................................................9

Burton v. Teleflex Inc.,
707 F.3d 417 (3d Cir. 2013)................................................................................................2, 4, 5

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)..................................................................................................................15

Cooke v. J.J. Newberry & Co.,
96 N.J. Super. 9 (App. Div. 1967) ..............................................................................................6

Davis v. Brickman Landscaping, Ltd.,
219 N.J. 395 (2014) ....................................................................................................................8

Davis v. Devereux Found.,
209 N.J. 269 (2012) ....................................................................................................................9

DeAngelis v. Hill,
180 N.J. 1 (2004) ......................................................................................................................12

Di Cosala v. Kay,
91 N.J. 159 (1982) ....................................................................................................................11

Henry v. Shopper's World,
200 N.J. Super. 14 (App. Div. 1985) ..........................................................................................6

Johnson v. Usdin Louis Co.,
248 N.J. Super. 525, 591 A.2d 959 (N.J. Super. Ct. App. Div. 1991)......................................11

Jones v. UPS,
214 F.3d 402 (3d Cir. 2000)......................................................................................................15

Leang v. Jersey City Bd. Of Educ.,
198 N.J. 557 (2009) ....................................................................................................................5

McDonnell Douglas Corp. v. Green,
411 U.S. 792 (1973)................................................................................................................2, 4, 5

Myers v. Atl. Health Sys.,
    2017 U.S. Dist. LEXIS 7884 (D.N.J. 2017) ..............................................................13

Perna v. Pirozzi,
    92 N.J. 446, 457 A.2d 431 (1983).............................................................................7

Price Waterhouse v. Hopkins,
    490 U.S. 228 (1989)...................................................................................................2

Rocci v. Ecole Secondaire Macdonald-Cartier,
    165 N.J. 149 (2000) .................................................................................................13

Rodriguez v. Nat'l R.R. Passenger Corp.,
    532 Fed. Appx. 152 (3d Cir. 2013)............................................................................4

Wigginton v. Servidio,
    324 N.J. Super. 114, 734 A.2d 798 (App. Div. 1999) ...............................................7

***PRELIMINARY STATEMENT***

Plaintiff Michael Anderson (Plaintiff or Anderson) brought this lawsuit stemming from an incident at a Whole Foods in Newark, New Jersey, on October 3, 2020. Plaintiff claims he was discriminated against on the basis of his race when security guards from Elite Investigations stopped him on suspicion of shoplifting as he exited the store. His complaint alleges seven (7) counts against Defendants: violations of the New Jersey Law Against Discrimination ("NJLAD"), false arrest, assault and battery, negligence, vicarious liability, negligent hiring, and invasion of privacy/defamation slander pro se. Not one of these causes of action has the legitimate factual support necessary to sustain the claims. Anderson has no evidential support which would create a genuine issue of material fact on any of these counts.

Plaintiff's imagination about his perceived damages is the sole evidence plaintiff is relying on to support his case. When we look into the facts of this case including the police report, witness deposition testimony, discovery responses, and video of the incident, we are left with the conclusion that these allegations have zero support and must be dismissed by this Court. Our Court system and the laws of this State are designed to prevent cases built on conspiracy theories, wishful thinking, and falsehoods from proceeding. Accordingly, summary judgment must be granted to achieve this goal.

*LEGAL ARGUMENT*

I.      **PLAINTIFF CANNOT PROVE THAT DEFENDANTS VIOLATED THE "NJLAD" THEREFORE THIS COUNT MUST BE DISMISSED**

As per Plaintiff's Complaint, Anderson contends Defendants violated the New Jersey Law Against Discrimination ("NJLAD") by allegedly discriminating against him on the basis of his race. (*See, Plaintiff's Complaint pg. 2, §5-7, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit A**). However, there is simply no evidence to support this allegation. As Whole Foods is considered a place of public accommodation under the NJLAD, courts evaluate motions for summary judgment under the specialized burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The McDonnell Douglas test was formulated "to compensate for the fact that direct evidence of intentional discrimination is hard to come by." Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

The McDonnell Douglas analysis is divided into three phases, shuttling the burden between the plaintiff and the defendant. Ali v. Hillstone Rest. Grp., 2022 U.S. Dist. LEXIS 106272 (D.N.J. 2022). (*See,* Hillstone *opinion, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit B**).

At the outset, a plaintiff must state a prima facie case of discrimination. Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013). A prima facie case of discrimination in a place of public accommodation has three essential elements: "(1) defendant operates a place of public accommodation; (2) the plaintiff is a member of a protected class; and (3) he or she was denied equal treatment on the basis of his or her membership in a protected class." *See,* Burton *and* Hillstone.

In our case, it is undisputed that Whole Foods is a place of public accommodation and that Plaintiff is a member of a protected class. Thus, Anderson must prove that he was denied equal

2

treatment on the basis of his race. Plaintiff cannot do so here. He has absolutely zero evidence which would set forth a prima facie case of discrimination in a public place. There is no testimony from any individuals involved that Plaintiff was stopped because of his race.

Further, there is no testimony or evidence that the Elite Investigations ("Elite") security guards involved had a habit of stopping African-American individuals or surveilling African-American individuals while they shopped. There is no testimony or evidence that Whole Foods had a policy to specifically stop African-Americans on the suspicion of shoplifting or that Whole Foods encouraged its security guards to stop African-American shoppers. In fact, Manny Lopez-an associate store team leader at Whole Foods, stated that during his tenure at the Newark Whole Foods there were about a dozen shoplifting incidents involving a mix of racial makeups including Hispanics, African-American, Asians, and Caucasians. (*See, Lopez transcript 16:2-17:12, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit C**).

Moreover, there is nothing in the Elite incident report indicating that this stop was made for racial reasons. The race of plaintiff is not even mentioned in the narrative of the incident report. The incident report could not be more clear that this stop was reasonably made based on a suspicion of shoplifting. (*See, Elite incident report, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit D**). Plaintiff even testified at his deposition that he only had positive interactions with this specific guard on the prior instances at the Newark Whole Foods. (*See, Anderson transcript 209:21-210:18, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit E**). On top of this, Plaintiff has no expert to opine that the stop was illegitimate—without this expert, the claim must fail. Plaintiff's self-serving and general statements that he was stopped because of his race do not establish a prima facie of discrimination.

The second step in the McDonnell Douglas framework switches the burden to the Defendant. The test is that "if the plaintiff establishes a prima facie case, the burden of production shifts to the defendant, who must articulate a legitimate (i.e., nondiscriminatory) basis for the actions to which plaintiff objects. Burton, 707 F.3d at 426; Rodriguez v. Nat'l R.R. Passenger Corp., 532 Fed. Appx. 152, 153 (3d Cir. 2013). "This burden is relatively light and is satisfied if the employer provides evidence, which, if true, would permit a conclusion that it took the ... action for a non-discriminatory reason." Burton, 707 F.3d at 426.

While Defendants do not believe plaintiff can make a prima facie case of discrimination, we will nonetheless articulate the legitimate, nondiscriminatory reason why Plaintiff was stopped. As stated in the incident report, the Elite guard observed Anderson consuming a drink while in the store and then Plaintiff got another drink. Plaintiff also had something in his sweatpants pocket (later determined to be hair oil) that the guard was waiting to see if Anderson paid for the item. The video footage of these events bolsters the incident report and is more evidence that this was a legitimate stop. (*See, Videos, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit F**).

Once the guard observed Plaintiff not pay for the item in his pocket, he made the stop. The bulge in Anderson's pocket, the drink at the register, and plaintiff drinking while inside the store are explicitly depicted in the still frame images. (*See, still-frame images, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit G**). Plaintiff himself testified that he was told he was being stopped because of a suspicion of shoplifting the oil. (*See,* **Exhibit E**, *217:2-18*). The evidence is clear that there was nothing discriminatory about this stop and that plaintiff was stopped for a legitimate reason.

The third step in <u>McDonnell Douglas</u> shifts the burden back to plaintiff. It states that "once the defendant has offered a non-discriminatory reason, the burden of production shifts back to the plaintiff. Now the plaintiff must present evidence sufficient to show that the defendant's stated reason is merely a pretext for discrimination." <u>Burton</u>, 707 F.3d at 426. As Defendants have noted above, Anderson cannot offer any evidence that the reason for the stop was a pretext for discrimination. There is not a shred of evidence of discrimination. Plaintiff's made-up beliefs about why he was stopped and how it was discriminatory are just that, made-up. Plaintiff's NJLAD claim must be dismissed as a matter of law because there is no evidence that this stop was made on the basis of race.

## II. PLAINTIFF CANNOT PROVE THAT DEFENDANTS COMMITTED FALSE ARREST THEREFORE THIS COUNT MUST BE DISMISSED

Plaintiff cannot meet its burden on proving the false arrest/false imprisonment/unlawful detention claim. To sustain this claim, plaintiff must prove: "(1) an arrest or detention of the person against his or her will" and (2) lack of proper legal authority or legal justification." <u>Leang v. Jersey City Bd. Of Educ.</u>, 198 N.J. 557 (2009). There was no arrest or detention of Anderson against his will in this case. As per the Elite incident report, the Elite guard stated to Anderson that he "would like to talk to him." Further, once the guards began to address Anderson, "he became very irate and turned around and began to head back through the entrance door, yelling somebody get your camera and record this." (*See*, **Exhibit D**). The videos of the incident clearly depict Anderson walking voluntarily back into the store and at no point during the incident was he ever restrained or detained against his will.

Anderson also cannot prove the second element. Based on the applicable laws, Defendants had the proper legal authority/justification to make the stop of Plaintiff on suspicion of shoplifting.

5

Based on the incident report, videos, and still-frame images, **Exhibits D, F, and G,** respectively, there was undoubtedly probable cause for the Elite guards to have proceeded in the way they did. The NJ Shoplifting Statute, N.J.S.A. 2C:20-11, states:

> A law enforcement officer, or a special officer, or a merchant, who has probable cause for believing that a person has willfully concealed unpurchased merchandise and that he can recover the merchandise by taking the person into custody, may, for the purpose of attempting to effect recovery thereof, take the person into custody and detain him in a reasonable manner for not more than a reasonable time, and the taking into custody by a law enforcement officer or special officer or merchant shall not render such person criminally or civilly liable in any manner or to any extent whatsoever.

For there to be probable cause and make it a reasonable detention, there must be a reasonable basis to conclude the item was not purchased and that a theft occurred. Henry v. Shopper's World, 200 N.J. Super. 14 (App. Div. 1985). As evidenced by the Elite incident report and the photos, the guards had a reasonable basis to conclude the items were not purchased. The incident report clearly states "LPO Bambe later stated that subject did not pay and he was going to make a stop." This observation that Anderson did not pay for the item in his pocket combined with the fact that the guard also observed plaintiff drinking a drink while shopping and then have another drink at the register is more than enough evidence to conclude that there was a reasonable basis to make this stop.

Additionally, as per Anderson's own testimony and the videos, he was only detained for about 10-15 minutes. (*See*, **Exhibit E**, *217:19-24*). This is not an unreasonable amount of time based on prior New Jersey cases. *See*, Henry, 200 N.J. Super. 14 (writing that *"30-45 minutes plaintiff was detained was not such an unreasonable period of time")* and Cooke v. J.J. Newberry & Co., 96 N.J. Super. 9, 18 (App. Div. 1967) (holding that *27 minutes was not unreasonable length*

6

*of time and plaintiff had burden to prove she was detained for an unreasonable length of time*). Further weakening Plaintiff's case is that he has no expert report opining that this was a bad stop and/or that there was no reasonable suspicion. Plaintiff has no expert identifying the alleged issues with the stop and how it allegedly violated any relevant procedures.

Based on the foregoing, there was a reasonable basis to stop Anderson on the suspicion of shoplifting and that is why Plaintiff cannot prove his false arrest/false imprisonment/unlawful detention claim.

**III.    PLAINTIFF CANNOT PROVE THAT DEFENDANTS COMMITTED ASSAULT AND BATTERY THEREFORE THIS COUNT MUST BE DISMISSED**

There is zero evidence which Plaintiff can rely on to make a case that Defendants committed assault and battery towards him. To the contrary, all of the evidence points to an indisputable conclusion that no assault and battery occurred. A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Wigginton v. Servidio, 324 N.J. Super. 114, 129, 734 A.2d 798 (App. Div. 1999) (quoting [***58] Restatement (Second) of Torts § 21 (1965)). The tort of battery rests upon a nonconsensual touching. Perna v. Pirozzi, 92 N.J. 446, 461, 457 A.2d 431 (1983).

This incident was investigated by the Newark Police after Plaintiff called them the next day to report the incident. The Newark Police responded to Plaintiff's residence and watched the video footage of the incident. After viewing the video footage, the officers requested "this matter be unfounded since after viewing the video footage of the incident an assault never took place." (*See, Police Report, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit H**).

The police also noted in their report that they "were able to observe that the security guards never push or put their hands on their weapons during the entire incident." (*See*, **Exhibit H**).

In this same vein, Manny Lopez testified that he never saw the guards or any Whole Foods employees put their hands on Plaintiff. (*See*, **Exhibit C**, *51:3-37*). The fact that this incident was investigated by the Newark Police, the authorities responsible for bringing criminal charges, and they found no evidence of any assault is reason enough to dismiss this count. Anderson has zero evidence that the Elite guards and/or Whole Foods employees put their hands on him. Once again, Plaintiff's self-serving and unreliable beliefs about what happened are not enough to substantiate this assault and battery claim. For the foregoing reasons, this Count must be dismissed.

## IV.    PLAINTIFF CANNOT PROVE NEGLIGENCE AS TO DEFENDANTS THEREFORE THIS COUNT MUST BE DISMISSED

Plaintiff's negligence claim must fail as Anderson cannot establish the elements of this count. For Plaintiff to make out a prima facie case of negligence, it must show that: 1) Defendant owed plaintiff a duty of care; 2) defendant breached that duty; 3) that the breach proximately caused plaintiff's injuries; and 4) the plaintiff suffered actual damages. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395 (2014). Based on  his complaint, Plaintiff contends that Defendants "have a duty to its consumers to properly supervise, direct, and control its employees so that their actions would not present a risk of harm or danger to its consumers." However, Anderson has not shown how this duty was breached by Defendants.

Plaintiff has no expert to comment on the alleged violations of the security guards. The security guard who initiated the stop was a plainclothes guard nicknamed "Mr. Green." As per Whole Foods policy, only these undercover guards were authorized to make stops of customers. That policy was followed here in this case. (*See*, **Exhibit C**, *33:1-34:19*). The extent of this incident was Plaintiff being stopped for roughly 11 minutes. As written above, no guards or

8

employees put their hands on Plaintiff or made him feel threatened by any actions of their own. Whatever duty may have existed, the existence of which Plaintiff still has not specifically stated, was clearly not violated in this case.

Anderson further alleges in the Complaint that Defendants failed to adequately train its employees and/or security guards, and failed to ensure their employees and/or security guards apply objective standards before performing loss prevention-related acts, amongst several other allegations. However, Plaintiff has no evidence which would show that the guards or Whole Foods employees were not trained in these procedures and in dealing with loss-prevention acts. There has been no testimony or evidence of the sort. Further, there is no expert by Plaintiff who opines that Defendants failed to properly train the security guards or that the .  Because Plaintiff cannot make out a prima facie case of negligence, this count should be dismissed.

## V.    PLAINTIFF CANNOT PROVE VICARIOUS LIABILITY AS TO DEFENDANTS THEREFORE THIS COUNT MUST BE DISMISSED

*Whole Foods*

Under the applicable law, "employers are vicariously liable for torts committed by their employees within the scope of employment." Davis v. Devereux Found., 209 N.J. 269 (2012). The law further states that, "Ordinarily, an employer that hires an independent contractor is not liable for the negligent acts of the contractor in the performance of the contract. Bahrle v. Exxon Corp., 145 N.J. 144 (1996).  Accordingly, there is no argument to be made that Whole Foods was responsible for the acts of the Elite guards.

As per Section 4.2 of the Elite/Whole Foods contract, "Elite is solely responsible for the hiring, qualifications, appropriate training, and payment of personnel for work at the Stores at all times during the term of this Agreement. None of Elite's employees are, or will be, considered employees of the Company, and Elite is solely responsible for the supervision, management,

9

reviewing of qualifications…or similar charges associated with the employment of its employees and Elite's compliance with all laws relating to is employee." (*See, Elite/Whole Foods contract, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit I**).

The ones who initiated the stop of Plaintiff were the guards employed by Elite, not the Whole Foods employees. The Whole Foods employees, as evidenced by Lopez's testimony, were not even allowed to make stops. Thus, there is no basis to hold Whole Foods vicariously liable or for the remainder of the allegations contained in Anderson's complaint. As such, any claims by Plaintiff against Whole Foods must be dismissed.

*Elite Investigations*

Further, as Defendants have shown repeatedly in this brief, the Elite guards did not commit any torts or bad acts for which Elite could be vicariously liable. There was no assault and battery as the police report and video indicate. There was reasonable suspicion and probable cause to make this stop and the stop was not conducted for any discriminatory reasons. The Elite guards were simply doing their jobs when this occurred and plaintiff has no expert to opine that the guards did their job incorrectly or in violation of procedure. It is Anderson's burden to prove his case, not Defendants. As Plaintiff cannot prove its case on any count/tort alleged in the complaint, there can be no vicarious liability as to Elite.

## VI.    PLAINTIFF CANNOT PROVE THAT DEFENDANTS ENGAGED IN NEGLIGENT HIRING THEREFORE THIS COUNT MUST BE DISMISSED

Plaintiff has put forth zero evidence that Defendants are liable for negligent hiring. To prove negligent hiring, "a plaintiff must satisfy two fundamental requirements. First, it must be shown that the employer had actual or constructive notice of dangerous attributes of an employee and "could reasonably have foreseen that such qualities created a risk of harm to other persons."

10

Di Cosala v. Kay, 91 N.J. 159 (1982). Second, it must be shown that "through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused the injury." Id. In determining what an employer should have known, it is settled doctrine that "[f]oresight, not hindsight, is the standard by which one's duty of care is to be judged." Johnson v. Usdin Louis Co., 248 N.J. Super. 525, 591 A.2d 959, 961 (N.J. Super. Ct. App. Div. 1991) (quoting Hill v. Yaskin, 75 N.J. 139, 380 A.2d 1107, 1109 (N.J. 1977)).

Anderson cannot support this claim as there is no evidence that either Elite or Whole Foods had any notice of "unfitness, incompetence or dangerous attributes" of any of its employees involved in the incident. There has  been no deposition testimony to this effect or documentary evidence  by Plaintiff in support of this claim. Neither Elite or Whole Foods could have foreseen that their employees had any qualities that would create a risk of harm to other persons (not that there was ever any risk of harm to Plaintiff during this incident). There is no record of any previous infractions at work committed by the relevant employees. There are also no prior disciplinary actions handed down to the relevant employees which would allowed Defendants to have reasonably foreseen any incidents would occur. As Defendants have written above, Anderson has the burden of proof not Defendants. Plaintiff cannot meet its burden to prove negligent hiring and this count should be dismissed against the Defendants.

## VII.   PLAINTIFF CANNOT PROVE THAT DEFENDANTS COMMITTED DEFAMATION THEREFORE THIS COUNT MUST BE DISMISSED

Anderson's defamation claim is based on nothing but his own imagination. Plaintiff has no evidence to support the defamation claim and it must be dismissed for that reason. To prove defamation, a Plaintiff must show, in addition to damages, 1) the assertion of a false and defamatory statement concerning another; 2) the unprivileged publication of that statement to a

11

third party; and 3) fault amounting at least to negligence by the publisher. <u>DeAngelis v. Hill</u>, 180 N.J. 1 (2004). Plaintiff cannot show any of these elements.

To start, Anderson has no damages. Plaintiff cannot simply state that this incident hurt his business perception in the community without providing more and expect this to be enough to prove damages. That is exactly what Plaintiff is doing here. Kendrick Nguyen, who submitted a self-serving affidavit allegedly in support of this case, has been deposed. At his deposition, Nguyen confirmed that this incident had no effect on his feelings about Mr. Anderson and their business. (*See, Nguyen transcript 85:9-86:21 and 88:13-89:7, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit J**). This completely belies Plaintiff's arguments.

Anderson submitted two vague, self-serving affidavits from Nguyen and a man named Kevin Burrows to support this claim for damages. (*See, Affidavits, herein attached to the Certification Brian W. Brown, Esq. as* **Exhibit K**). However, the affidavits do not specify damages in any way, shape, or form. Additionally, Plaintiff does not have an expert to quantify his damages which he needs in this case. Plaintiff's arbitrary damages figures do not meet the burden as there is no supporting evidence to the claim for damages.

On June 9, 2023, Defendants sent Plaintiff a Notice to Produce, in part seeking documents in further support of the damages as it relates to Nguyen and Burrows. (*See, Discovery requests, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit L**). Discovery is now closed and Plaintiff provided no responses to #7 and #8 in Defendants Notice to Produce. Defendants submit this is because there are no legitimate damages. Anderson has no hard evidence which could clearly dictate his damages as a result of this incident. Plaintiff's claim for damages is purely speculation and that is why the defamation count must fail.

This defamation count must also fail as the only individual who publicized this incident was Anderson himself. Eric Kiefer, an editor for a local news website, testified that Plaintiff was the one who first made Kiefer aware of the incident at Whole Foods and that he (Kiefer) had not heard about the incident prior to Plaintiff reaching out to him. (*See, Kiefer transcript 13:1-17 and 58:6-59:7, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit M**). Emails between Anderson and Kiefer indicate that Anderson, unprompted and merely two (2) days after the incident, first reached out to Kiefer and told him about the incident. (*See, Emails, herein attached to the Certification of Brian W. Brown, Esq. as* **Exhibit N**). Nugyen testified to the essentially the same thing, that Plaintiff was the first one to tell him about this incident. (*See*, **Exhibit J**, *31:21-25*).

The case-law is clear that a Plaintiff alleging defamation cannot be the one who initially makes the incident/statements public. (*See*, Myers v. Atl. Health Sys., 2017 U.S. Dist. LEXIS 7884 (D.N.J. 2017) writing that *"Moreover, Plaintiff initially made information about her alleged drug diversion public by filing this lawsuit. As a result, to the extent this unnamed agency learned about the lawsuit by reading Plaintiff's complaint, it does not constitute an actionable statement because it was made by Plaintiff, not Defendants."* and See also, Rocci v. Ecole Secondaire Macdonald-Cartier, 165 N.J. 149 (2000) writing that *"As stated at her deposition, plaintiff's only claim of harm is embarrassment caused by her own distribution of the letter. Although we do not diminish the sense of embarrassment asserted by plaintiff, plaintiff should not be able to recover for that embarrassment when she herself caused the material to be distributed."*) (*See*, Myers *opinion, herein attached to the Certification of Brian W. Brown, Esq., as* **Exhibit O**). Nobody besides Plaintiff made this incident public knowledge. Plaintiff was the one who first reached out to a news

website and the first to tell his allegedly supporting witnesses. Therefore, Plaintiff does not have a legitimate claim for defamation in this case.

In addition to the above arguments, and perhaps most importantly, Plaintiff cannot show that any defamatory statements were made by Defendants. Anderson has not produced one statement made by Defendants that could be considered defamatory towards Plaintiff. Anderson is relying on an article from Patch.com to prove his defamation claim, which as outlined above all of the information in the article came from Anderson himself. A simple review of the article leads us to the undeniable conclusion that there is not even a hint of a defamatory statement from Defendants. (*See, Patch.com article, herein attached to the Certification of Brian W. Brown, Esq., as* **Exhibit P**). Plaintiff has the burden of proof on this claim thus it is his burden to show what defamatory statements were made and Plaintiff cannot show this.

In fact, Manny Lopez testified that during the incident nobody from Elite or Whole Foods mentioned to customers what was going on. (*See*, **Exhibit C**, *49:7-20*). When analyzing Plaintiff's defamation claim, we are left with the conclusion that no defamation occurred as Plaintiff cannot meet the test and therefore this count should be dismissed.

**VIII**.   **SUMMARY JUDGMENT SHOULD BE GRANTED AS NO GENUINE ISSUE OF MATERIAL FACT EXISTS**

As Defendants have shown, Plaintiff cannot substantiate the claims set forth in the Complaint as there is no evidence in the record to do so. Because of this, there is no genuine issue of material fact as to any of the allegations. Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party

14

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (affirming summary judgment against plaintiff that failed to produce evidence supporting wrongful death claim). When a defendant files a motion for summary judgment that identifies the absence of facts sufficient to establish a claim for relief, the claimant must come forward with facts that are both admissible and sufficient to support the asserted claims. A plaintiff cannot rely on "unsupported allegations, but must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial." Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000) (affirming summary judgment in favor of defendant employer on employee's ADA claim because employee failed to provide evidence he was "disabled" under the ADA). Moreover, summary judgment may be granted "upon all or any part" of a plaintiff's claims. Fed. R. Civ. P. 56(a).

As the applicable law states plaintiff cannot rely on "unsupported allegations" however that is exactly what Plaintiff is relying on here to prove its case. The record is absolutely devoid of any evidence which would show that there exists a genuine issue for trial. For these reasons, Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons set forth herein, Defendants, Whole Foods and Elite Investigations, respectfully request the Court grant an Order for Summary Judgement, dismissing Plaintiff's Complaint with prejudice.

By: /s/ *Joseph A. Gallo, Esq.*
Joseph A. Gallo, Esq.

By: /s/ *Brian W. Brown, Esq.*
Brian W. Brown, Esq.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
One Riverfront Plaza, Suite 800
Newark, NJ 07102
(973) 792-8723
*Counsel for Defendants, Whole Foods and Elite Investigations*

Dated: March 8, 2024