**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Joseph A. Gallo, Esq. (002221982)
Georgia D. Reid, Esq. (374522022)
One Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel: (973) 494-5308
Attorneys for Defendants, Whole Foods Market, Inc. and Elite Investigations, Ltd.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| MICHAEL ANDERSON,<br><br>　　　　　　　*Plaintiff,*<br><br>vs.<br><br>WHOLE FOODS MARKET, INC., ELITE<br>INVESTIGATIONS, LTD., JOHN DOES 1-10,<br>JANE DOES 1-10, ABC CORPORATION 1-10<br>ABC, LLC 1-10, ABC LLP 1-10, jointly, severally,<br>individually,<br><br>　　　　　　　*Defendants.* | Civil Action No. 2:21-cv-12990<br><br><br>**DEFENDANTS WHOLE FOODS<br>MARKET, INC AND ELITE<br>INVESTIGATIONS, LTD'S REPLY TO<br>PLAINTIFF'S COUNTERSTATEMENT<br>OF MATERIAL FACTS** |

---

1. The October 3, 2020 e-mail from Odette Jarrett, Store Team Leader for Whole Foods, reflects her opinion regarding the stop. She was not designated as an expert in this case and there is no evidence regarding her background, training or experience in shoplifting. The same applies to Associate Store Team Leader Manuel Lopez of Whole Foods. Their testimony is governed by Rule 701. Opinion Testimony by Lay Witnesses:

   > If a witness is not testifying as an expert, testimony in the form of an opinion
   > is limited to one that is:
   > (a) rationally based on the witness's perception;
   > (b) helpful to clearly understanding the witness's testimony or to
   > determining a fact in issue; and
   > (c) not based on scientific, technical, or other specialized knowledge within
   > the scope of Rule 702.

   The following supports Defendants' position that the opinion testimony is not admissible:

1

> Notes of Advisory Committee on Proposed Rules
> The rule retains the traditional objective of putting the trier of fact in possession of an accurate reproduction of the event.
> Limitation (a) is the familiar requirement of first-hand knowledge or observation.

Neither Ms. Jarrett nor Mr. Lopez observed the stop.

2. Fact discovery concluded on January 12, 2023 and affirmative expert reports were due on February 12, 2023. Admitted by Plaintiff.

3. Plaintiff served no expert reports in support of his claims against Defendants. Plaintiff did not serve a medical expert report. Plaintiff did not serve an economic damages expert report. Plaintiff did not serve a liability expert report. Admitted by Plaintiff.

4. Despite references to comments made by Whole Food employees Odette Jarret, Manuel Lopez and Rachelle Malish, their testimony remains inadmissible as noted in Paragraph 1 above. Plaintiff submitted no expert liability, economic or medical reports by February 12, 2023. The medical treatment sought by Plaintiff for cluster headaches contains no information regarding causation or permanency. (*See* **Exhibit 8** to Roberts Certification in opposition to Defendants' motion for summary judgment).

5. Despite references to comments made by Whole Food employees Odette Jarret, Manuel Lopez and Rachelle Malish, their testimony remains inadmissible as noted in Paragraph 1 above.

6. Defendants' Statement of Material Facts contained the following: There is video footage of this incident which supports the Elite incident report. Plaintiff's counterstatement did not respond to this statement. As such, it should be deemed admitted.

7. Defendants' Statement of Material Facts contained the following: As per the videos, Plaintiff is seen consuming a drink while shopping, has a bulge in sweatpants pocket at the

register and not paying for the item in his pocket. Plaintiff's counterstatement does not address the bulge in his sweatpants pocket. As such, this fact should be deemed admitted.

8. Defendants' Statement of Material Facts contained the following: Nowhere in the video footage is Plaintiff ever detained or forcibly touched by the employees of Elite Investigations or Whole Foods. Plaintiff's counterstatement makes no mention of Elite Investigations or Whole Foods employees forcibly touched him. As such, this fact should be deemed admitted.

9. Defendants' Statement of Material Facts contained the following: Plaintiff has put forth no evidence to support his contention that this stop was made based on discriminatory reasons. Plaintiff's counterstatement does not address this fact but provides a summary of the video. Defendants' Statement in this paragraph noted no evidence that the stop was made based on discriminatory reasons and Plaintiff cited none other a summary of the video. As such, Defendants' Statement of Material Facts No. 9 should be deemed admitted.

*The following is inserted in this Paragraph from Plaintiff's Counterstatement at Paragraph 9 because it supports the absence of a racially motivated stop:*

> According to Mr. Lopez, Defendant Whole Foods had 12 previous shoplifting instances at the Newark store location but could not remember the racial make-up of the individuals that were stopped and had not written reports of those stops except for Plaintiffs. According to Mr. Lopez, those previous shoplifting incidents consisted of Hispanics, African Americans, Asians and Caucasians but Mr. Lopez could not remember specific racial identities of the alleged shoplifters and had no awareness of any written reports regarding said incidents involving the other alleged shoplifters, (*See, Roberts' Certification* -- **Ex. 3** — Copy of Deposition Transcript of Manuel Lopez, pages 16-17).

10. Defendants' Statement of Material Facts contained the following: The Newark Police investigated this matter and determined that no assault occurred. Plaintiff never responded to this Statement of Material Fact. As such, it should be deemed admitted. Plaintiff's

3

counterstatement about why he was followed due to his ethnicity and why others were not followed or detained is based on pure speculation and not supported by facts in the record. Despite references to comments made by Whole Food employees Odette Jarret and Manuel Lopez, their testimony remains inadmissible as noted in Paragraph 1 above. In addition, Plaintiff's reference to 12 previous shoplifting instances at the Whole Foods location supports Defendants' position that the stop was not racially motivated.

***The following is inserted in this Paragraph from Plaintiff's Counterstatement at Paragraph 10 because it supports the absence of a racially motivated stop:***

> According to Mr. Lopez, Defendant Whole Foods had 12 previous shoplifting instances at the Newark store location but could not remember the racial make-up of the individuals that were stopped and had not written reports of those stops except for Plaintiffs. According to Mr. Lopez, those previous shoplifting incidents consisted of Hispanics, African Americans, Asians and Caucasians but Mr. Lopez could not remember specific racial identities of the alleged shoplifters and had no awareness of any written reports regarding said incidents involving the other alleged shoplifters, (*See* (*See, Roberts' Certification* -- **Ex. 3** — Copy of Deposition Transcript of Manuel Lopez, pages 16-17).

11. Defendants' Statement of Material Facts contained the following: Plaintiff alleges that he was defamed by Defendants however Plaintiff's Complaint does not contain any defamatory statement made by Defendants nor has Plaintiff indicated during the course of discovery what defamatory statements were made by Defendants. Plaintiff's counterstatement at Paragraph 11 does not respond to the assertion that Plaintiff has no evidence of defamatory statements. As such, Defendants' Statement of Material Facts at Paragraph 10 should be deemed admitted.

12. Defendants' Statement of Material Facts contained the following: Kendrick Nguyen, Plaintiff's alleged business associate, and Eric Kiefer, a Patch.com editor, both testified that the person who initially made statements and told others about this incident was the

Plaintiff himself. Plaintiff's counterstatement did not respond to this statement. As such, Defendants' Statement of Material Facts at Paragraph 11 should be deemed admitted.

13. Defendants' Statement of Material Facts contained the following: Plaintiff has not presented any evidence quantifying his damages that were allegedly caused by this incident. Plaintiff claims emotional distress, embarrassment, humiliation, cluster headaches and economic loss. As noted in Paragraph 3 above, Plaintiff served no expert reports in support of his claims against Defendants. Plaintiff did not serve a medical expert report, an economic damages expert report or a liability expert report. As such, Defendants' Statement of Material Fact at Paragraph 13 should be deemed admitted.

14. For the Court's convenience, we note that Plaintiff's complaint contains the following counts against the Defendants:

- Count 1--Law Against Discrimination;

- Count 2--False Arrest;

- Count 3—Assault and Battery;

- Count 4—Negligence;

- Count 5---Vicarious Liability;

- Count 6 –Negligent Hiring /Retention; and

- Count 7—Invasion of Privacy/ Defamation Slander *per se*

By: /s/ *Georgia D. Reid, Esq.*

Georgia D. Reid Esq.
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
One Riverfront Plaza, Suite 800
Newark, NJ 07102
(973) 494-5308
*Attorneys for Defendants, Whole Foods and Elite Investigations*

Dated: April 12, 2024